CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
03/21/2018
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| VERNA BOGGS,<br><br>                          *Plaintiff*,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                          *Defendant*. | CASE NO. 6:16-cv-00050<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

    This matter is before the Court on the parties' cross motions for summary judgment (dkts. 12, 15), the Report and Recommendation ("R&R") of United States Magistrate Judge Robert S. Ballou (dkt. 17), and Plaintiff's objection to the R&R (dkt. 18). Judge Ballou recommended this Court grant in part Plaintiff's motion, deny the Commissioner's motion, and remand for further administrative consideration because the administrative law judge ("ALJ") did not sufficiently explain the differing weights he assigned to medical opinions. Plaintiff timely filed her objection to the R&R, obligating the Court to undertake a *de novo* review of those portions of the R&R to which she objected. The Commissioner did not file any objections of her own.

    Plaintiff does not challenge Ballou's underlying decision, but objects to the remedy Judge Ballou recommended. Judge Ballou recommended remand to the ALJ for a second bite at the apple; Plaintiff argues she is entitled to benefits and remand would delay the inevitable. The Court finds remand for reconsideration is appropriate in this case, and so adopts the R&R in full.

**I. STANDARD OF REVIEW**

    This Court is primarily focused on the narrow question of whether to remand for reconsideration or reverse for an award of benefits. But determining which of those options would be appropriate requires consideration of the broader role of district courts in the Social

1

Security Act's framework. "When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied the correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted), and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir 1966).

"In reviewing for substantial evidence, [the court] do[es] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Nor should the reviewing court "engage in these exercises in the first instance." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). But "[i]f the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* at 295 (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). The "rare circumstance" of reversal without remand is appropriate "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

## II. ANALYSIS

The sole objection is to Judge Ballou's "conclusion that Remand is the proper remedy." (Dkt. 18 at 2). Accordingly, the Court incorporates the remainder of the R&R. Still, the Court briefly introduces the case before discussing whether to remand or reverse for award of benefits.

Plaintiff applied for (and was denied) supplemental security income, disability insurance benefits, and disabled widow's benefits based on her history of ankle injuries, arthritis, and pain. (R&R at 3–4). In coming to this determination, the ALJ was required to ask five questions:

> [T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). The ALJ found Plaintiff's claim failed at steps three, four, and five. That is to say, the ALJ found Plaintiff's impairment did not meet or equal a listed impairment, Plaintiff could largely perform her past work given her limitations, and Plaintiff would be able to perform other work. (R15–29).[1]

Judge Ballou's thorough R&R identified one primary problem with the ALJ's decision: its failure to provide sufficient explanation for the weight assigned to the varying medical opinions in evidence. (R&R at 11–14 (citing *Monroe v. Colvin*, 826 F.3d 176, 191 (4th Cir. 2016))).[2] The ALJ assigned great weight to the state agency physicians, but little weight to Plaintiff's treating physician. (R27). Because the state agency physicians had found Plaintiff capable of performing a range of "medium" work, the ALJ's assignment of great weight to their opinions led him to find "there is insufficient medical evidence to establish disability." (R28). The ALJ did not sufficiently explain why he credited this testimony, but not that of the treating physician (who testified Plaintiff was more restrained). The ALJ's failure to show his work

---

[1] The Court denotes citations to the administrative record as "R" followed by the page number.

[2] Judge Ballou also noted "potential" concerns with the ALJ's analysis at the third step. (*See* R&R 15 n.5). This Court echoes his suggestion "that the Commissioner review these particular issues upon remand as well."

3

more fulsomely is problematic because a reviewing court cannot meaningfully review whether his decision was supported by substantial evidence "[w]ithout more specific explanation of the ALJ's reasons for the differing weights he assigned various medical opinions." *Monroe v. Colvin*, 826 F.3d 176, 191 (4th Cir. 2016). This error prevents the Court from being able to enter judgment for the Commissioner. (R&R at 14–15). Again, neither party has objected to these portions of Judge Ballou's R&R.

This brings us to the question before this Court: Should the Court remand for further administrative hearings under sentence four of 42 U.S.C. § 405(g), or should it reverse for an award of benefits because it determines, in the first instance, Plaintiff is entitled to them? As stated above, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Radford*, 734 F.3d 288 at 295 (citation omitted). This Court will not deviate from that course unless "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden*, 493 F.2d at 1012.

Here, this Court will remand the case for further proceedings because "there is at least conflicting evidence in the record." *Radford*, 734 F.3d at 296 (reversing district court determination to award benefits without remanding for reconsideration when such a conflict existed). The Court has reviewed the administrative record and finds it does not compel Commissioner to award Plaintiff benefits. Plaintiff makes much of Judge Ballou's statement that the record "supports, rather than contradicts, [Plaintiff's treating physician's] conclusion that [Plaintiff] would be limited in her ability to stand and walk for more than two hours at a time." (R&R 13). However, the record also includes the state agency physicians' opinions. (R52–60, 61–69, 70–78, 82–91, 92–101, 102–110). These opinions rely on evidence Plaintiff is able to

perform her activities of daily living without significant limitations and has increased strength and mobility in her ankle. "Just as it is not [the Court's] province to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ, it is also not [the Court's] province . . . to engage in these exercises in the first instance." *Radford*, 734 F.3d at 296 (citation, quotations marks, and alterations omitted).

This is not the open-and-shut case that would allow the Court to reverse with an award of benefits. Accordingly, after taking a *de novo* review of Plaintiff's objection to the R&R, the Court will remand to the ALJ for further administrative consideration in accordance with Judge Ballou's R&R and this opinion. An order will issue overruling Plaintiff's objection (dkt. 18), adopting the R&R in full (dkt. 17), denying the Commissioner's motion for summary judgment (dkt. 15), and granting in part Plaintiff's motion for summary judgment (dkt. 12).

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this  21st  day of March, 2018.

    _____
    NORMAN K. MOON
    SENIOR UNITED STATES DISTRICT JUDGE